# 2007 DTA 82

**TRIBUNAL DE APELACIONES**
**REGIÓN JUDICIAL DE BAYAMÓN**
**PANEL VI**

ANNETTE REYES DÍAZ
Peticionaria

v.

JOHN RAEVIS TORRES
Recurrido

Núm. KLCE-2006-01045

San Juan, Puerto Rico, a 15 de junio de 2007

Panel integrado por su Presidente, el Juez Rivera Martínez,
el Juez Rodríguez Muñiz y la Juez Jiménez Velásquez

Rodríguez Muñiz, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La Sra. Annette Reyes (Sra. Reyes), presentó recurso de *certiorari* el 31 de julio de 2006, el cual acogemos como apelación por ser lo procedente en derecho. [1] En el mismo, solicitó la revisión de la Resolución y Orden Enmendada emitida el 27 de junio de 2006, notificada y archivada en autos el 29 de junio de 2006, por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante dicha resolución, el TPI estableció una pensión alimentaria, a ser pagada por el Sr. John Raevis (Sr. Raevis) a favor de sus tres hijos menores de edad, por la cantidad de doce mil ciento veintitrés dólares con veinticinco centavos (12,123.25) mensuales, retroactiva al 13 de diciembre de 2005.

A continuación expondremos el trasfondo fáctico y procesal del caso.

### I

La Sra. Reyes y el Sr. Raevis contrajeron matrimonio el 23 de mayo de 1987. Durante el matrimonio procrearon tres hijos: Patricia Gabrielle Raevis Reyes, quien nació el 31 de marzo de 1990, Camille Annette Raevis Reyes, que nació el 27 de septiembre de 1991, y John Raevis Reyes quien nació el 21 de agosto de 1995.

El 27 de enero de 2004, la Sra. Reyes presentó demanda sobre divorcio en contra del Sr. Raevis, solicitando que se declarara la disolución del matrimonio por la causal de trato cruel y que se fijara una pensión alimentaria a favor de los tres hijos por una cantidad no menor a veinte mil dólares ($20,000) mensuales. Además, la Sra. Reyes solicitó una pensión *pendente lite* de quince mil dólares ($15,000), que se declarara la propiedad que constituyó el hogar conyugal como hogar seguro y que se le otorgara la custodia y patria potestad de los tres menores.

El 22 de febrero de 2005, el Sr. Raevis presentó contestación a la demanda e incluyó una reconvención, en la cual solicitaba que se decretara roto y disuelto el vínculo matrimonial por la causal de ruptura irreparable.

Luego de varios trámites procesales interlocutorios, el 15 de mayo de 2005, el TPI celebró el juicio en el caso. Según lo alegado por la Sra. Raevis en su recurso, cuando comenzó a declarar en el juicio sobre las necesidades de los menores, el Juez que presidía la vista la interrumpió aduciendo que había referido dicho asunto a la Examinadora de Pensiones Alimentarias.

Mediante Sentencia del 28 de junio de 2005, notificada 5 de julio de 2005, el Tribunal declaró roto y disuelto el vínculo matrimonial por la causal de ruptura irreparable. La custodia de los tres menores se adjudicó a la Sra. Reyes y la patria potestad compartida entre ambos padres.

Transcurridos varios incidentes procesales interlocutorios, el 13 de diciembre de 2005, el TPI celebró vista sobre fijación de pensión alimentaria, a la que comparecieron el Sr. Raevis y la Sra. Reyes. Surge del Acta correspondiente a esta vista, que comenzó el desfile de prueba con el testimonio de la Sra. Reyes. Mientras ésta declaraba, se suscitó una argumentación en la cual la abogada del Sr. Raevis alegó que no había tenido la oportunidad de examinar la evidencia documental a la cual se iba a referir la Sra. Reyes. La Examinadora intervino y dispuso que resolvería con la evidencia contenida en el expediente por lo que la Sra. Reyes no pudo continuar declarando. Como resultado de esta vista, la Oficial Examinadora recomendó una pensión alimentaria ascendente a trece mil doscientos setenta y tres dólares con veinticinco centavos ($13,273.25) mensuales, efectiva al 13 de diciembre de 2005.

El 2 de marzo de 2006, el TPI emitió Resolución y Orden, notificada el 8 de marzo de 2006, en la que acogió las recomendaciones de la Oficial Examinadora. Le impuso al Sr. Raevis el pago de una pensión alimentaria por la cantidad de trece mil doscientos veintitrés dólares con veinticinco centavos ($13,273.25) mensuales, efectiva al 13 de diciembre de 2005.

Posteriormente, el 20 de marzo de 2006, el Sr. Raevis presentó *"Moción Solicitando Determinaciones Adicionales de Hecho y de Conclusiones de Derecho"*. En ésta, solicitó que se redujera la cantidad fijada por gastos de compra de alimentos, de mil quinientos dólares ($1,500.00) a novecientos sesenta dólares ($960.00), pues la primera cantidad equivalía a los gastos generados cuando aún el Sr. Raevis vivía en el hogar conyugal. Además solicitó una corrección en cuanto la cantidad asignada al pago de matrícula, indicando que la cantidad correcta era doscientos veintiséis dólares ($226) en lugar de dos mil doscientos veintiséis dólares ($2,226).

El 24 de marzo de 2006, la Sra. Reyes presentó Moción Solicitando Retroactividad de Pensión Alimentaria y Honorarios De Abogado. En ésta, solicitó al TPI que se impusiera la pensión alimentaria con carácter retroactivo al 27 de enero de 2004, fecha en que se presentó la demanda y solicitó además que se otorgaran honorarios de abogado.

El 20 de junio de 2006, la Oficial Examinadora realizó un Informe en el que reiteró que durante la vista celebrada el 23 de diciembre de 2006, no se continuó con el testimonio y la presentación de prueba por parte de la Sra. Reyes. La interrupción, según indica la Examinadora, ocurrió debido a que se suscitó una argumentación entre los abogados de las partes con respecto a la presentación de prueba documental ofrecida por la Sra. Reyes. El informe incluyó una recomendación al Tribunal de que modificara la pensión alimentaria mediante una reducción a doce mil ciento veintitrés dólares con veinticinco centavos ($12,123.25) mensuales, efectiva al 13 de diciembre de 2005. Esta reducción se fijó acogiendo parcialmente los señalamientos del Sr. Raevis sobre las partidas de matrícula y gastos en compra de alimentos.

El 27 de junio de 2006, el TPI emitió Resolución y Orden Enmendada, notificada el 29 de junio de 2006, en la que adoptó las recomendaciones de la Oficial Examinadora y fijó pensión alimentaria por la cantidad de doce mil trescientos veintitrés dólares con veinticinco centavos ($12,123.25) mensuales, efectiva al 13 de diciembre de 2005.

Inconforme con tal determinación, el 31 de julio de 2006, la Sra. Reyes presentó recurso de *certiorari*. En el mismo señaló los siguientes errores:

*"1. Erró el Honorable TPI al no considerar el estilo de vida al cual estuvieron acostumbrados los menores o el cual el padre alimentante puede ofrecerle, más aún cuando el padre alimentante alega capacidad económica.*

*2. Erró el Honorable TPI al negarle a la demandante su derecho a que se desfile prueba a su favor y que se considere no sólo su planilla de información personal y económica, sino también su testimonio y exhibits sometidos en juicio.*

*3. Erró el Honorable TPI al imponer la pensión alimentaria a partir de la fecha de la celebración de la vista ante la examinadora de pensiones en vez de imponerla de manera retroactiva a la fecha en que se solicitó.*

*4. Erró el Honorable TPI al no imponerle al alimentante el pago de los honorarios de abogado incurridos por la parte demandante."*

El 31 de agosto de 2006, emitimos Resolución concediendo un término de treinta (30) días al Sr. Raevis para presentar su alegato.

El 28 de septiembre de 2006, el Sr. Raevis presentó moción solicitando un término adicional de veinte (20) días.

El 4 de octubre de 2006, emitimos Resolución en la que concedimos hasta el 6 de noviembre de 2006 para

que el Sr. Raevis presentara su alegato.

El 8 de marzo de 2006, concedimos un tercer término de diez (10) días para que el Sr. Raevis presentara su alegato.

Al día de hoy, el Sr. Raevis no ha cumplido con lo intimado, por lo que procedemos a resolver sin el beneficio de su comparecencia.

## II

En Puerto Rico, según se conoce, la obligación de los padres de proveer para los alimentos de sus hijos menores está revestida del más alto interés público. *Ferrer v. González,* 162 D.P.R. \_\_, **2004 JTS 121**, Opinión de 15 de junio de 2004, a las páginas 8-9.

La obligación de los progenitores de brindar alimentos, según lo ha resuelto el Tribunal Supremo, es parte esencial del derecho a la vida, garantizado por el Artículo II, Secs. 1 y 7, de la Constitución del Estado Libre Asociado de Puerto Rico. *McConnell Jiménez v. Palau Grajales,* 161 D.P.R. \_\_, **2004 JTS 73**, Opinión de 5 de mayo de 2004, a las páginas 992-993. La misma, además, halla base en principios universalmente reconocidos de solidaridad humana, asociados al derecho natural, e imperativos de los vínculos familiares. *Maldonado v. Cruz, Arce,* 161 D.P.R. \_\_, **2004 JTS 8**, Opinión de 8 de enero 2004, a la página 537.

Esta obligación alimentaria, que emana de la Constitución, se estableció expresamente en el Código Civil de Puerto Rico, Artículos 142-151, 31 L.P.R.A. secs. 561-570. Además, cuando se trata de hijos e hijas menores de edad, la fijación de la pensión alimentaria, está regulada por la Ley Especial para el Sustento de Menores, Ley Núm. 5 de 30 de diciembre de 1986, según enmendada por la Ley Núm. 178 de 1 de agosto de 2003, 8 L.P. R.A. sec. 501 *et seq.* ■

En cuanto a lo que atañe al presente caso, es menester destacar que el Artículo 153 del Código Civil, 31 L. P.R.A. sec. 601, dispone que: *"el padre y la madre tienen respecto a los hijos no emancipados, el deber de alimentarlos, tenerlos en su compañía, educarlos e instruirlos con arreglo a su fortuna".*

Igualmente, el Código Civil establece las nociones básicas en relación a la forma en que se determinará la magnitud de esta responsabilidad: *"la cuantía de los alimentos será siempre proporcional a los recursos del que los da y a las necesidades del que los recibe, y se reducirán o aumentarán en proporción a los recursos del primero y a las necesidades del segundo".* Artículo 146 del Código Civil, 31 L.P.R.A. sec. 565.

Nuestro Tribunal Supremo ha dispuesto que la determinación de la cuantía de los alimentos corresponde al prudente arbitrio de los tribunales. Además ha reiterado que para ello debe tenerse en cuenta que haya proporción entre el estado de necesidad del alimentista y la posibilidad económica del alimentante. Artículo 146 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 565; *Chévere v. Levis I,* 150 D.P.R. 525, 539 (2000).

Por otra parte, el Artículo 142 del Código Civil, 31 L.P.R.A. sec. 539, establece que los alimentos comprenden *"todo lo que es indispensable para el sustento, habitación, vestido y asistencia médica, según la posición social de la familia",* así como *"la educación e instrucción del alimentista".*

La Ley Especial para el Sustento de Menores reconoce, en su declaración de propósitos, que la obligación de alimentar a los menores, se fundamenta en el derecho a la vida, configurado como un derecho inherente a la persona y que el mismo está revestido del más alto interés público. 8 L.P.R.A. sec. 502. Esta Ley consagra la política pública del Estado de crear un procedimiento expedito que permita *"procurar de los padres, o personas legalmente responsables, que contribuyan a la manutención y bienestar de sus hijos o dependientes mediante la agilización de los procedimientos administrativos y judiciales para la determinación, recaudación y*

*distribución de pensiones alimentarias".* 8 L.P.R.A. sec. 502; *McConnell Jiménez v. Palau Grajales, supra,* a la página 993. Esta Ley persigue, mediante el procedimiento judicial expedito, brindar protección al mejor interés del menor, mediante trámites rápidos y eficientes. *Martínez v. Rodríguez, supra,* a la página 31.

La Ley de Sustento de Menores adelanta su propósito mediante el nombramiento de examinadores, a quienes se le otorga la autoridad para recibir y evaluar evidencia a fin de rendir un informe al tribunal que contenga determinaciones de hechos, conclusiones de derecho y sus recomendaciones referentes a fijar, modificar y hacer efectivas las órdenes de pensión alimenticia. 8 L.P.R.A. sec. 512. La Ley dispone en el Artículo 18, 8 L.P.R.A. sec. 517, que el Examinador celebrará una vista sobre pensión alimentaria y someterá un informe al tribunal con sus recomendaciones. Dispone además que las Reglas de Evidencia se aplicarán a los procedimientos ante el examinador.

El procedimiento de fijación de pensión, conforme al Artículo 16 de la Ley Especial para el Sustento de Menores, 31 L.P.R.A sec. 515, hace compulsorio el descubrimiento sobre la situación económica del alimentante. El Tribunal Supremo reiteró que *"en los procedimientos relacionados con pensiones alimenticias [sic], el descubrimiento sobre la situación económica del alimentante y alimentista será compulsorio".* Ferrer *v. González, supra,* a la página 9. Sin embargo, en *Chévere v. Levis I, supra,* a la página 545, el Tribunal Supremo decidió que un alimentante está exento de someter información sobre sus ingresos en la Planilla de Información Personal y Económica, al aceptar capacidad económica para proveer alimentos, quedando sólo pendiente que el tribunal determine *"la suma justa y razonable"* en concepto de pensión alimentaria para los menores. Al respecto, el Tribunal Supremo reiteró en *Chévere v. Leivis II, supra,* a la página 505:

*"...cuando el llamado a alimentar acepta capacidad económica y, por consiguiente, no existe controversia respecto a ésta, la pensión alimentaria deberá ser fijada en virtud de lo establecido en los Arts. 153, 146 y 142 del Código Civil antes citados y reiteramos, tomando en consideración la condición económica, el estilo de vida del alimentante y las peculiares necesidades de los menores incluyendo el estilo de vida al cual éstos fueron acostumbrados".*

Es regla evidenciaria que un hecho en controversia es susceptible de ser demostrado mediante evidencia indirecta o circunstancial. Regla 10(H) de Evidencia, 32 L.P.R.A. Ap. IV. En *Chévere v. Levís II, supra,* a la página 501, el Tribunal Supremo reiteró la aplicación de esta regla en los casos de pensión alimentaria:

*"...resulta ineludible concluir que en el proceso de fijar una pensión alimentaria para un hijo menor, un tribunal no está limitado a considerar únicamente evidencia directa sobre gastos e ingresos, ya fuere ésta testifical o documental. Puede utilizar, además, evidencia circunstancial que le permita inferir, como parte de las necesidades del menor, el estilo de vida a que éste tiene derecho a tenor con la capacidad económica y estilo de vida de su padre o madre alimentante".*(Citas omitidas)

Presentar evidencia, ya sea directa o circunstancial, en el proceso de fijar una pensión alimentaria es un elemento indispensable para salvaguardar el bienestar de los menores, conforme a la política pública, y además es un derecho de envergadura constitucional.

En el caso *Hernández González v. Izquierdo Encarnación,* 164 D.P.R.___, **2005 J.T.S. 44**, Resolución de 4 de abril de 2005, a las páginas 1001 a 1002, el Tribunal Supremo reafirmó:

*"...el debido proceso de ley se manifiesta en dos vertientes: la sustantiva y la procesal. En la sustantiva, los tribunales analizan la validez de una ley al amparo de la Constitución, y el Estado está impedido de aprobar leyes o realizar actuaciones que afecten de manera irrazonable, arbitraria o caprichosa los intereses de propiedad o libertad de los individuos". (Citas omitidas)."Mientras que por la vertiente procesal, se establecen las garantías procesales mínimas que el Estado debe proveerle al individuo al afectarle su propiedad o*

*libertad"*. (Citas omitidas).

La Lcda. Sara Torres Peralta indica que bajo el Procedimiento Judicial Expedito, en la vista ante el examinador para la fijación de la pensión final, procede: *"presentación de prueba oral y documental con las salvaguardas procesales inherentes a un debido procedimiento de Ley, con aplicación de las reglas de evidencia y récord del caso"*. Sarah Torres Peralta, *Ley de Sustento de Menores y el Derecho Alimentario en Puerto Rico*, Publicaciones STP (2006), Tomo 2, sección 12.88.

### III

·Fijada la pensión alimentaria, el Artículo 19 de la Ley para el Sustento de Menores, 8 L.P.R.A. sec. 518, establece que la misma será efectiva desde la fecha en que se presente la petición de alimentos. De igual forma, el Artículo 147 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 566, indica que la obligación de dar alimentos será exigible desde que la persona con derecho a percibirlos los necesite, pero se abonarán desde la fecha en que se interponga la demanda. La fecha de efectividad de una orden del tribunal fijando una pensión alimentaria u ordenando un aumento es la de la presentación de la demanda solicitando alimentos o un aumento en la pensión. *De Jesús v. Castellar*, 80 D.P.R. 241, 245 (1958).

Al dictar una sentencia o resolución sobre alimentos, el pago de la correspondiente pensión alimentaria será retroactivo a la fecha en que el alimentista presentó su acción ante el tribunal, independientemente del tipo de procedimiento utilizado. *Pueblo v. Zayas Colón*, 139 D.P.R. 119, 125-126 (1995). La excepción a esta regla de retroactividad del pago de la pensión alimentaria se activa cuando el tribunal establece una reducción en la cuantía de la pensión. *Valencia, Ex parte,* 116 D.P.R. 909, 914 (1986).

Según expone la Licenciada Torres Peralta, la fecha de retroactividad del decreto alimentario judicial es la fecha en que se presenta la reclamación. Torres Peralta, *op. cit.* Tomo 1, sección 7.04. Contrario a una reducción de la pensión alimentaria que, como norma general, tendrá aplicación prospectiva a la fecha de su emisión y notificación. *Id.*, sección 7.06.

### IV

Con respecto a la concesión de honorarios de abogado por el Tribunal de Primera Instancia, el Artículo 30 de la Ley Especial de Sustento de Menores, 8 L.P.R.A. sec. 521(1), establece:

*"En cualquier procedimiento bajo este Capítulo para la fijación o modificación de una pensión alimentaria o para hacer efectiva una orden de pensión alimentaria, el tribunal, el Administrador o el Juez Administrativo, deberá imponer al alimentante el pago de honorarios de abogado a favor del alimentista cuando éste prevalezca."*

El concepto de alimentos cubre también los honorarios del abogado del alimentista, en una acción para reclamar alimentos, sin que sea necesario que el demandado actúe con temeridad. *Guadalupe Viera v. Morell, supra*, a la página 14(1983). El requisito central es que el alimentista prevalezca en su reclamación alimentaria. Torres Peralta, *op. cit.*, Tomo 1, sección 5.42.

### V

Procederemos a discutir en conjunto el primer y el segundo error, por estar intrínsecamente relacionados.

Como primer y segundo error, la Sra. Reyes alegó que erró el TPI: 1) al no considerar el estilo de vida al cual estuvieron acostumbrados los menores, el cual el padre alimentante puede ofrecerle, ya que éste alegó capacidad económica; y 2) al negarle su derecho a que se desfilara prueba a su favor, adicional a su planilla de información personal y económica.

Alegó la Sra. Reyes que en reclamaciones de alimentos los Tribunales no están limitados a considerar únicamente evidencia directa presentada sobre los gastos e ingresos. En síntesis, alegó que erró el Tribunal al acoger el informe de la Examinadora, la cual se limitó a considerar únicamente ciertas necesidades y no la totalidad de las circunstancias que rodean a los menores.

En relación al segundo error, alegó que el derecho que tiene la parte a presentar prueba a su favor, se vio truncado en el momento en el que la vista sobre pensión alimentaria se dio por terminada de manera abrupta, sin permitirle concluir el desfile de evidencia sobre los gastos y necesidades de sus hijos. Reclamó que era imprescindible presentar la prueba necesaria para justificar la partida de pensión alimentaria reclamada y que de lo contrario el Tribunal no estaría en posición de determinar la cuantía correspondiente para satisfacer las necesidades de los menores, de acuerdo a la posición económica a la que estaban acostumbrados.

Surge del Acta correspondiente a la vista del 13 de diciembre de 2005, que la Oficial Examinadora intervino, tras suscitarse un desacuerdo entre las partes en relación a la presentación de una evidencia documental ofrecida por parte de la Sra. Reyes. La Oficial Examinadora dispuso que resolvería con la evidencia contenida en el expediente, es decir, la planilla de información personal y económica sometida por la Sra. Reyes. En su Informe del 20 de junio de 2006, la Examinadora reiteró el suceso de la interrupción de la vista, por las razones antes expuestas.

De lo anterior podemos concluir que se limitó el derecho de la Sra. Reyes a presentar evidencia a su favor en la vista celebrada el 13 de diciembre de 2005. La determinación de la Oficial Examinadora de detener los procesos y resolver con la evidencia en el expediente, coartó el derecho constitucional a un debido proceso de ley de la Sra. Reyes al impedirle presentar evidencia pertinente en cuanto a las necesidades de los menores y su estilo de vida.

Esta situación impidió que tanto la Oficial Examinadora como el TPI estuviesen en posición de, una vez aceptada la capacidad económica por parte del alimentante, determinar la pensión alimentaria considerando las necesidades particulares de los menores.

El hecho de que la Ley para el Sustento de Menores persiga agilizar el proceso mediante un procedimiento expedito, no debe resultar en que el mismo se lleve a cabo sin permitir que se presente prueba pertinente sobre las necesidades del alimentista, de forma tal que se determine una pensión alimentaria justa y razonable.

## VI

Como tercer error, la Sra. Reyes alegó que erró el TPI al no imponer la pensión alimentaria retroactiva a la fecha en que se solicitó por primera vez.

En relación a este error, la Sra. Reyes alegó que el TPI acogió en Resolución y Orden Enmendada, del 27 de junio de 2006, la recomendación de la Oficial Examinadora de que se fijara la pensión alimentaria efectiva al 13 de diciembre de 2005, fecha en que se celebró la vista de pensión alimentaria. Sin embargo, la Sra. Reyes había solicitado la imposición de una pensión alimentaria a favor de sus tres hijos desde el 27 de enero de 2004.

Conforme a la legislación aplicable y la jurisprudencia, en las reclamaciones sobre pensión alimentaria la misma será efectiva a la fecha en que se solicitó, con excepción de los casos que envuelven reducción de la pensión previamente fijada. Por lo tanto, procedía que el TPI fijara la pensión alimentaria efectiva al 27 de enero de 2004, fecha en que la misma fue reclamada por primera vez judicialmente.

## VII

El cuarto error alegado por la Sra. Reyes consiste en que el TPI no impuso el pago de honorarios de abogado al alimentante, Sr. Raevis.

La jurisprudencia ha reconocido que los honorarios de abogado constituyen parte de la partida de alimentos en pleitos de reclamaciones de alimentos, sin que sea necesario que la parte que los solicita incurra en temeridad. Además, la Ley para el Sustento de Menores indica expresamente que se deberá imponer al alimentante el pago de alimentos cuando el alimentista prevalezca. Es forzoso concluir que en el presente caso, habiéndose fijado la pensión alimentaria a ser pagada por el Sr. Raevis, erró el TPI al no imponerle el pago de honorarios.

## VIII

Por los fundamentos antes expuestos, revocamos la resolución recurrida. Se devuelve el caso al TPI para la celebración de una nueva vista de fijación de pensión alimentaria en la cual se le permita a la Sra. Reyes presentar su testimonio sobre cualquier asunto pertinente y admisible a la solicitud de pensión alimentaria. De imponerse la misma, se hará retroactiva al 27 de enero de 2004 y se otorgarán los honorarios de abogado correspondientes.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones